**ORIGINAL** CC: JMS

DE MONT R. D. CONNER
RACHEL L. KAILIANU,
89-354 Palikea St.
Waianae, Hawaii 96792
DEFENDANTS PRO SE

(808)450-6055

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 06 2019

at 1 o'clock and 30 min. P M
SUE BEITIA, CLERK

IFP SUBM.   LS

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DE MONT R. D. CONNER
RACHEL L. KAILIANU,
    Plaintiffs,
vs.

WILLIAM AILA, Deputy Director,
Department of Hawaiian Home Lands
JOBIE MASAGATANI, Director,
Department of Hawaiian Home Lands
KIP AKANA, Acting Enforcement Division
Supervisor, Department of
Hawaiian Home Lands
MICHAEL P. KAHIKINA, Commissioner,
HAWAIIAN HOMES COMMISSION,
WREN WESCOATT, III, Commissioner,
Hawaiian Homes Commission,
RANDY AWO, Commissioner, Hawaiian
Homes Commission,
PAULINE NAMU`O, Commissioner,
Hawaiian Homes Commission,
ZACHARY HELM, Commissioner, Hawaiian
Homes Commission,
WALLACE A. ISHIBASHI, Commissioner,
Hawaiian Homes Commission,
DAVID B. KA`APU, Commissioner,
Hawaiian Homes Commission,
Department of Hawaiian Home Lands,
STATE OF HAWAII,
UNITED STATES
    Defendants.

CV19 00233 JMS-KJM
CIVIL NO._____
(CIVIL RIGHTS ACTION COMPLAINT
PURSUANT TO 42 U.S.C. §1983)

VERIFIED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE
RELIEF;
~~SUMMONS~~

---

VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

---

COMES NOW, Plaintiffs De MONT R. D. Conner and Rachel L. Kailianu ("Conner & Kailianu Defendants"), and native Hawaiians as defined by the Hawaiian Homes Commissions Act of 1920, seeks to **challenge the homestead lease program administered by DHHL/HHC** and hereby files this Complaint for Declaratory Judgment and Prospective Injunctive Relief against the Deputy Director and Director of the Department of Hawaiian Home Lands, the Department of Hawaiian Home Lands (hereinafter "DHHL"), the Hawaiian Homes Commission (hereinafter "HHC"), the State of Hawaii (hereinafter "State") and the United States (hereinafter the "US"), for violating their rights to DUE PROCESS, when Plaintiff's received a "Complaint for Ejectment" their home on Hawaiian Homestead Lands, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendment to the United States Constitution, as well as the "Takings Clause" of the Fifth Amendment to the United States Constitution.

All Defendants are sued in their OFFICIAL CAPACITIES as they have acted UNDER COLOR OF LAW.

***Both the State of Hawaii and the United States are indispensable parties to this action***, which seeks Declaratory Judgment and Prospective Injunctive Relief.

This action is brought pursuant to 42 U.S.C. §1983.

## JURISDICTION AND VENUE

1. Plaintiffs bring this action pursuant to 42 U.S.C. §1983 for violations of their DUE PROCESS civil rights under the Fifth and Fourteenth Amendments to the United States Constitution, as well as the "Takings Clause" of the Fifth Amendment to the United States Constitution.

2. Plaintiffs are "native Hawaiians," defined in section 201(a) of the Hawaiian Homes Commission Act, Pub. L. No. 67-34, 42 Stat. 108 (1921) ("HHCA"), to mean "any descendant of not less than one-half part of the blood of the races inhabiting the Hawaiian Islands previous to 1778."- As such they are beneficiaries of a "public trust" created in the Hawaii Admission Act, Pub. L. No. 86-3, 73 Stat. 4 (1959) ("Admission Act"). Plaintiffs contend that the Department of Hawaiian Home Lands ("DHHL"), a State of Hawaii agency that administers the Hawaiian Homestead Trust Lands, breached the Trust. This Court's jurisdiction is found under 28 U.S.C. §1343(a)(3) and 42 U.S.C. §1983.

3. Venue is proper in this Court under 28 U.S.C. §1391 because the parties reside in this District, and a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff De MONT R. D. Conner, is and was at all times herein relevant a resident of the State of Hawaii and a native Hawaiian and successor to the homestead lease held by Plaintiff Rachel L. Kailianu, as defined by the Hawaiian Homestead Act of 1920.

5. Plaintiff Rachel L. Kailianu, is and was at all times herein relevant a resident of the State of Hawaii and a native Hawaiian, as defined by the Hawaiian Homestead Act of 1920.

6. Defendant William Aila, is and was, at all times herein relevant, a resident of the State of Hawaii and a Deputy Director of the Department of Hawaiian Home Lands

("DHHL"). Defendant Aila is being sued in his OFFICIAL CAPACITY, for Declaratory Judgment and Prospective Injunction Relief.

7. Defendant Jobie Masagatani, is and was, at all times herein relevant, a resident of the State of Hawaii and a Director of the Department of Hawaiian Home Lands ("DHHL"), and the Chairperson of the Hawaiian Homes Commission ("HHC"). Defendant Masagatani is being sued in her OFFICIAL CAPACITY, for Declaratory Judgment and Prospective Injunction Relief.

8. Defendant Kip Akana, is and was, at all times herein relevant, a resident of the State of Hawaii and an Acting Enforcement Division Administrator of the Department of Hawaiian Home Lands ("DHHL"). Defendant Oshiro is being sued in his OFFICIAL CAPACITY, for Declaratory Judgment and Prospective Injunction Relief.

9. Defendant Hawaiian Home Lands is a State of Hawaii Agency, whose fiduciary duty it is to administer over 200,000 acres of Hawaiian Homes Trust Lands, specifically for native Hawaiians as defined by the Hawaiian Homes Commission Act of 1920. Defendant DHHL is being sued in its OFFICIAL CAPACITY, for Declaratory Judgment and Prospective Injunction Relief.

10. Defendant Michael P. Kahikina, is and was, at all times herein relevant, a resident of the State of Hawaii and an O`ahu Commissioner with the Hawaiian Homes Commission ("HHC"), of the Department of Hawaiian Home Lands ("DHHL"). Defendant Kahikina is being sued in his OFFICIAL CAPACITY, for Declaratory Judgment and Prospective Injunction Relief.

11. Defendant Wren Wescoatt, III, is and was, at all times herein relevant, a resident of the State of Hawaii and an O`ahu Commissioner with the Hawaiian Homes Commission ("HHC"), of the Department of Hawaiian Home Lands ("DHHL"). Defendant Wescoatt, III, is being sued in his OFFICIAL CAPACITY, for Declaratory Judgment and Prospective Injunction Relief.

12. Defendant Randy Awo, is and was, at all times herein relevant, a resident of the State of Hawaii and a Maui Commissioner with the Hawaiian Homes Commission ("HHC"), of the Department of Hawaiian Home Lands ("DHHL"). Defendant Awo is being sued in his OFFICIAL CAPACITY, for Declaratory Judgment and Prospective Injunction Relief.

13. Defendant Pauline Namu`o, is and was, at all times herein relevant, a resident of the State of Hawaii and an O`ahu Commissioner with the Hawaiian Homes Commission ("HHC"), of the Department of Hawaiian Home Lands ("DHHL"). Defendant Namu`o is being sued in her OFFICIAL CAPACITY, for Declaratory Judgment and Prospective Injunction Relief.

14. Defendant Zachary Helm, is and was, at all times herein relevant, a resident of the State of Hawaii and a Moloka`i Commissioner with the Hawaiian Homes Commission ("HHC"), of the Department of Hawaiian Home Lands ("DHHL"). Defendant Helm is being sued in his OFFICIAL CAPACITY, for a Declaratory Judgment and Prospective Injunction Relief.

15. Defendant Wallace A. Ishibashi, is and was, at all times herein relevant, a resident of the State of Hawaii and an East Hawaii Commissioner with the Hawaiian

Homes Commission ("HHC"), of the Department of Hawaiian Home Lands ("DHHL"). Defendant Ishibashi is being sued in his OFFICIAL CAPACITY, for a Declaratory Judgment and Prospective Injunction Relief.

16. Defendant David B. Ka`apu, is and was, at all times herein relevant, a resident of the State of Hawaii and a West Hawaii Commissioner with the Hawaiian Homes Commission ("HHC"), of the Department of Hawaiian Home Lands ("DHHL"). Defendant Ka`apu is being sued in his OFFICIAL CAPACITY, for a Declaratory Judgment and Prospective Injunction Relief.

17. Defendant Hawaiian Homes Commission is the EXECUTIVE BOARD of DHHL. Defendant HHC is being sued in its OFFICIAL CAPACITY, for a Declaratory Judgment and Prospective Injunction Relief.

18. Defendant State of Hawaii is a vital party to this action and is being sued in its OFFICIAL CAPACITY, for a Declaratory Judgment and Prospective Injunction Relief.

19. Defendant United States is a vital party to this action of Hawaii is being sued in its OFFICIAL CAPACITY, for a Declaratory Judgment and Prospective Injunction Relief.

## STATEMENT OF THE CASE

This is a Civil Rights action, that seeks to directly challenge the homestead lease program that is administered by Defendants DHHL and HHC, for which the State of Hawaii and the United States are indispensable parties to this action.

This action arose when on September 13, 2018 Plaintiffs were notified by the Department of Hawaiian Home Lands, via a Complaint for Ejectment; Declaration of Kip Akana, with Exhibits "1"-"3" and Summons, filed in the District Court of the First Circuit Court, Wai`anae Division, State of Hawaii, that the Defendants were seeking the, evict the Plaintiffs from their Residential Lot Lease No. 4692(sic) Lot No. 337, Nanakuli O'ahu, TMK 1-8-9-009:29(sic).

Plaintiffs were never afforded:

A. Notice of the Rules, Regulation, Policies and Procedures of the Department of Hawaiian Home Lands and the Hawaiian Homes Commission as to the "Process" that is Due to the Plaintiffs in the event of their failure to meet their obligations to maintain their lease.

B. Counsel to advise them of what their options or remedies are in going through the lease cancellation and contested case process.

C. A fair hearing to defend themselves, especially without the aid of counsel, in the Lease Cancellation Process.

D. Adequate NOTICE as to their Right to Appeal the decision of the Commission to Cancel their lease.

E. Adequate NOTICE as to their Right to Contested Case review.

F. The right to appeal the "Order to Vacate".

Defendant DHHL and HHC has NO policies, procedures or Administrative Rules that protect the Due Process Rights of native Hawaiians living on Hawaiian Home

Lands as it relates to Defendant DHHL's practice of evicting native Hawaiians off of lands that was expressly set aside for native Hawaiians to live on.

This action seeks to have this Court to issue two Declaratory Judgments against the State of Hawaii Defendants:

i That the Defendants failed to provide even the basic fundamental rights of native Hawaiians to Due Process BEFORE the government seeks to take adverse action against native Hawaiians who reside on Hawaiian Home Lands.

ii That Defendants "Breached the Trust" by failing to enact policies, procedures and administrative rules to safeguard against the arbitrary and capricious evictions of native Hawaiians on Hawaiian Home Lands.

This action further seeks two Prospective Injunctive Reliefs against the State of Hawaii Defendants:

i. To prevent the Defendants from Judicially moving to Eject the Plaintiffs from their historical family home; and

ii. To Enjoin the Defendants from seeking any further actions for ejectment, until policies and procedures and administrative rules are enacted to ensure that the Defendants act in accordance with the basic fundamental rights of native Hawaiians who lives on Hawaiian Home Lands.

## CAUSE OF ACTION - COUNT I

The following constitutional right to be free from the unauthorized "Governmental Taking" of Plaintiffs' home has been violated by the Defendants:

When Defendants Aila, Masagatani and the HHC members decided to "Take" the Plaintiffs historical family home without just compensation, in violation of the "Takings Clause" of the Fifth Amendment to the United States Constitution.

**SUPPORTING FACTS:**

On December 14, 2007, Plaintiff Kailianu was informed by Micah Kane who was the Director of DHHL and the Chair of HHC that a "Contested Case" hearing was going to be held against Plaintiff Kailianu to cancel her Hawaiian Home Lands Lease.

On January 30, 2008, the "Contested Case" hearing was held against Plaintiff Kailianu. The hearings officer was William P. Ornellas, and the opposition to Plaintiff Kailianu was Francis Apoliona, Kip Akana and Vernon Nishimurawho appeared for DHHL.

Plaintiff Kailianu was under Psychological Doctors' care for Deep Depression and under heavy medication for her depression.

Plaintiff Kailianu was never provided with counsel to advise her of her options or as to the severity of having an adverse decision made against her.

Plaintiff Kailianu never received rules, regulations, policies or procedures as to the "PROCESS" that would be "DUE" to her BEFORE the Department would seek to "Take" her home from her.

Plaintiff was never asked if she was in her right state of mind or under the influence of any drugs or alcohol, at the time of her "Contested Hearing".

**INJURY**:

Without this Court's intervention, Plaintiffs, and their will lose their home in clear contravention of the "Takings" Clause of the Fifth Amendment to the United States Constitution.

## CAUSE OF ACTION - COUNT II

The following constitutional right has been violated by the Defendants:

When Defendants Aila, Masagatani and the HHC members failed to enact or adopt policies, procedures or administrative rules to provide native Hawaiians on Hawaiian Homestead Lands with; Notice, Hearing, the opportunity to Defend against the taking of their family home, nor a decision by the HHC or a chance to appeal the adverse decision, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**SUPPORTING FACTS**:

September 13, 2018 Plaintiffs were notified by the Department of Hawaiian Home Lands, via a Complaint for Ejectment; Declaration of Kip Akana, with Exhibits "1"-"3" and Summons, filed in the District Court of the First Circuit Court, Wai`anae Division, State of Hawaii, that the Defendants were seeking the, evict the Plaintiffs from their Residential Lot Lease No. 4692(sic) Lot No. 337, Nanakuli O'ahu, TMK 1-8-9-009:29(sic).

Plaintiffs were never afforded:

A. Notice of the Rules, Regulation, Policies and Procedures of the Department of Hawaiian Home Lands and the Hawaiian Homes Commission as to the "Process" that is Due to the Plaintiffs in the event of their failure to meet their obligations to maintain their lease.

B. Counsel to advise them of what their options or remedies are in going through the lease cancellation and contested case process.

C. A fair hearing to defend themselves, especially without the aid of counsel, in the Lease Cancellation Process.

D. Adequate NOTICE as to their Right to Appeal the decision of the Commission to Cancel their lease.

E. Adequate NOTICE as to their Right to Contested Case review.

F. The right to appeal the "Order to Vacate".

Defendant DHHL and HHC has NO policies, procedures or Administrative Rules that protect the Due Process Rights of native Hawaiians living on Hawaiian Home Lands as it relates to Defendant DHHL's practice of evicting native Hawaiians off of lands that was expressly set aside for native Hawaiians to live on.

INJURY:

Without this Court's intervention, PlaintiffS Conner and Kailianu, will the clear "chilling" effect of their Constitutional Rights to Due Process under the Fifth and Fourteenth Amendments to the United States Constitution.

## CAUSE OF ACTION - COUNT III

The following constitutional right of Plaintiff De MONT R. D. Conner has been violated by the Defendants:

When Defendants Aila, Masagatani and the HHC members decided to "Take" Plaintiff De MONT R. D. Conner home without first providing Plaintiff De MONT R. D. Conner with any semblance of DUE PROCESS.

**SUPPORTING FACTS:**

Plaintiff Conner, a documented SUCCESSOR to Plaintiff Rachel L. Kailianu, DID NOT receive:

A. NOTICE;

B. HEARING;

C. OPPORTUNITY TO DEFEND AGAINST THE TAKING OF HER HOME;

D. A DECISION; and

E THE RIGHT TO APPEAL THE DECISION.

**INJURY:**

Without this Court's intervention, PlaintiffS Conner and Kailianu, will be out of their home and forced to live on the beach. As well as to suffer the clear "chilling" effect of their Constitutional Rights to Due Process under the Fifth and Fourteenth Amendments to the United States Constitution.

## RELEIF

WHEREBY the Plaintiffs respectfully request that this Court issue the following two Declaratory Judgments

i That the Defendants failed to provide even the basic fundamental rights of native Hawaiians to Due Process BEFORE the government seeks to take adverse action against native Hawaiians who reside on Hawaiian Home Lands.

ii That Defendants "Breached the Trust" by failing to enact policies, procedures and administrative rules to safeguard against the arbitrary and capricious evictions of native Hawaiians on Hawaiian Home Lands.

Plaintiffs further seeks this Court to ORDER two Prospective Injunctive Reliefs:

i. To ENJOIN the Defendants from Judicially moving to Eject the Plaintiffs from their family home; and

ii. To Enjoin the Defendants from seeking any further actions for ejectment against native Hawaiians residing on Hawaiian Home Lands, until policies and procedures and administrative rules are enacted to ensure that the Defendants act in accordance with the basic fundamental rights of native Hawaiians who lives on Hawaiian Home Lands.

WE DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. See 28 U.S.C. §1746 and 18 U.S.C. §1621.

DATED: HONOLULU, HAWAII, May 6, 2019.

_____
De MONT R. D. Conner,
PRO SE

_____
Rachel L. Kailianu
PRO SE