IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DE MONT R.D. CONNER; RACHEL L. KAILIANU,<br><br>             Plaintiffs,<br><br>      vs.<br><br>WILLIAM AILA, ET AL.,<br><br>             Defendants. | CIV. NO. 19-00233 JMS-KJM<br><br>ORDER DENYING VERIFIED MOTION FOR PRELIMINARY INJUNCTION, ECF NO. 11 |

**ORDER DENYING VERIFIED MOTION FOR PRELIMINARY INJUNCTION, ECF NO. 11**

**I. INTRODUCTION**

On May 6, 2019, pro se Plaintiffs De Mont R.D. Conner ("Conner") and Rachel L. Kailianu ("Kailianu") (collectively, "Plaintiffs") initiated this action against Defendants State of Hawaii Department of Hawaiian Home Lands ("DHHL"); DHHL officials; commissioners of the Hawaiian Homes Commission ("HHC") (collectively the "State Defendants");[1] and the United States (collectively

---

[1] The following individual State Defendants are sued in their official capacities: William Aila, DHHL Deputy Director; Jobie Masagatani, DHHL Director; Kip Akana, DHHL Acting Enforcement Division Supervisor; and HHC Commissioners Michael P. Kahikina; Wren Wescoatt III; Randy Awo; Pauline Namuʻo, Zachary Helm, Wallace A. Ishibashi, and David B. Kaʻapu.

"Defendants"). On June 3, 2019, Plaintiffs filed nearly identical Verified Motions for Temporary Restraining Order ("Motion for TRO") and for Preliminary Injunction ("Motion for PI"). ECF Nos. 10, 11. The Motion for TRO was denied on June 10, 2019 ("TRO Order"). ECF No. 15. The instant Motion for PI seeks the same relief as that sought by the Motion for TRO—an order "enjoining [the] State Defendants . . . from Ejecting or Evicting the Plaintiffs . . . from their Home on Hawaiian Homes Lease Land . . . ." ECF No. 11 at PageID #86-87.

For the reasons set forth below, the Motion for PI is DENIED.

## II. BACKGROUND

The background of this action is set forth in detail in the TRO Order. *See* ECF No. 15 at PageID #135-37. Because the parties and the court are familiar with this background, the court sets forth an abbreviated background sufficient to provide context for this order.

Plaintiffs allege that they are "native Hawaiians" and "beneficiaries of a 'public trust' created by the Hawaii Admission Act," that Kailianu holds a homestead lease for land pursuant to the Hawaiian Homes Commission Act, and that Conner is a successor to Kailianu's homestead lease. Compl. ¶¶ 2, 4-5, ECF No. 1 at PageID #3. In September 2018, DHHL filed a Complaint for Ejectment in Hawaii state court, seeking to eject Plaintiffs from Kailianu's residential lease (No. 4692) for lot no. 337 in Nanakuli, Hawaii. ECF No. 11 ¶ 1 at PageID #87. The

state-court action remains pending, with a status conference currently set for September 10, 2019.  ECF No. 25-3 at PageID #215.

Meanwhile, on May 6, 2019, Plaintiffs filed the instant action in federal court "challenging the homestead lease program," and claiming that by the state-court ejectment action, Defendants have breached the public trust created by the Admission Act and violated Plaintiffs' rights protected by the due process clause of the Fifth and Fourteenth Amendments and the takings clause of the Fifth Amendment to the United States Constitution.  ECF No. 1 at PageID #2.  Plaintiffs further allege that by the ejectment action, Defendants "decided to 'Take'" Plaintiffs' home.  *Id.* at PageID #9.  On May 10, 2019, this court granted Plaintiffs' applications to proceed in forma pauperis and directed service of the Complaint.  ECF No. 5.

On June 3, 2019, Plaintiffs filed Motions for TRO and PI seeking to enjoin the Defendants from ejecting them from their home.  ECF Nos. 10, 11.  On June 10, 2019, the court denied the Motion for TRO.  ECF No. 15.  On July 29, 2019, the State Defendants filed a Response to the Motion for PI.  ECF No. 25.  Plaintiff did not file a Reply.  Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

///

///

3

## III. **STANDARD OF REVIEW**

A preliminary injunction is an "extraordinary and drastic remedy" never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). "To warrant a preliminary injunction, [Plaintiffs] must demonstrate that [they] meet[] all four of the elements of the preliminary injunction test established in [*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008)]." *DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776 (9th Cir. 2011). To meet the *Winter* elements, Plaintiffs "must establish (1) that [they are] likely to succeed on the merits, (2) that [they are] likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in [their] favor, and (4) that an injunction is in the public interest." *BOKF, NA v. Estes*, 923 F.3d 558, 561-62 (9th Cir. 2019) (citation and quotation marks omitted). "[I]f a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

///

///

## IV. DISCUSSION

Plaintiffs' Motion for PI is denied for the same reason their Motion for TRO was denied—they fail to establish the requisite *Winter* elements to obtain the relief they seek. The Motion for PI does not show (1) serious questions going to the merits, let alone that Plaintiffs are likely to succeed on the merits, (2) why they will likely suffer irreparable harm in the absence of an injunction, (3) why the balance of equities tips in their favor, or (4) why an injunction is in the public interest.

### A.     Likelihood of Success on the Merits

Plaintiffs again argue that because this court granted their applications to proceed in forma pauperis and directed service of the Complaint, they have therefore "demonstrated that they are likely to succeed on the merits." ECF No. 11 at PageID #90-92. The TRO Order rejected this argument explaining that the court's initial screening order merely determined that, assuming the truth of Plaintiffs' allegations, the Complaint met the low threshold to state a plausible claim. *See* TRO Order at PageID #139. But even assuming Plaintiffs have the

///

///

///

///

requisite property interest,[2] they again fail to provide sufficient evidence to support their claims.

As the TRO Order explained, "'[a]n essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case.'"  ECF No. 15 at PageID #139 (quoting *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985) (citation and quotation marks omitted)).  Plaintiffs concede that they received notice of the state-court ejectment action, Kailianu has appeared at numerous hearings in that action—most recently on June 18, 2019, and the state-court action remains pending with a further hearing scheduled for September 10, 2019.  *See* ECF No. 11 at PageID #87-89; ECF No. 25-3 at PageID #215.  And Plaintiffs again fail to provide any facts to support their claim for denial of due process in connection with the DHHL administrative contested case proceedings.[3]

---

[2] Plaintiffs allege that because Kailianu paid $100 for a 99-year residential homestead lot lease, she "locked in" her property and liberty interests in that homestead lot for 99 years.  ECF No. 11 ¶¶ 17-18 at PageID #90.  But Plaintiffs also appear to allege that their home is separate property from the homestead lot upon which it sits.  Because Plaintiffs failed to provide any facts regarding the underlying ejectment action, the court will not speculate on the significance of this distinction.  In any case, Plaintiffs' assertion that their house is separate property from the land upon which it sits appears to contradict Hawaii law.  *See Ahoi v. Pacheco*, 22 Haw. 257, 258 (1914) (recognizing that generally, "a house built upon land becomes appurtenant thereto and a part" of the land).

[3] The Complaint alleges that Kailianu received notice in December 2007 of an administrative contested case hearing, that she was on medication for depression at that time, and that a contested case hearing was held in January 2008.  ECF No. 1 at PageID #9.

In short, Plaintiffs have failed to establish even serious questions going to the merits of their due process claims in connection with Defendants' actions to eject them from their home on Kailianu's homestead lot.

In addition, Plaintiffs again fail to provide any facts to support their takings claim or their claim that Defendants have violated the public trust, let alone establish that Plaintiffs are likely to succeed on such claims. And to the extent Plaintiffs seek to enjoin Defendants from proceeding in the underlying ejectment action, as this court previously explained, such relief is precluded by the Anti-Injunction Act, 28 U.S.C. § 2283:

> Section 2283 precludes a federal court from "grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress . . . ." Plaintiffs' do not attempt to show that Congress authorized an exception to § 2283 that applies to the circumstances presented here.

TRO Order at PageID #141. Although Plaintiffs seek an injunction against Defendants, not the state court, the requested injunction would effectively stay the underlying state-court ejectment proceeding. And as the Supreme Court has recognized "[i]t is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the results of a completed state proceeding." *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970) (citation omitted); *see also Negrete v. Allianz*

*Ins. Co. of N.A.*, 523 F.3d 1091, 1098 (9th Cir. 2008) (recognizing that an injunction directed at a party that "[i]n substance . . . interferes with proceedings in other courts" is barred by the Anti-Injunction Act); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 805 (9th Cir. 2002) (rejecting argument that the Anti-Injunction Act did not apply to order enjoining a party rather than a state-court proceeding because "[o]rdering the parties not to proceed is tantamount to enjoining the proceedings"). Plaintiffs again do not argue that Congress granted an applicable exception to § 2283.

In sum, Plaintiffs have utterly failed to demonstrate the first element—likelihood of success on the merits.

**B.     Irreparable Harm in the Absence of Injunctive Relief**

Plaintiffs also fail to establish the second element—that they are *likely* to suffer irreparable harm absent injunctive relief. *See Winter*, 555 U.S. at 22. "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy . . . ." *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014). Such harm must be both irreparable and imminent. *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Id.* (citation omitted). Nor will mere allegations of imminent harm

suffice; rather, "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Id.* (citation omitted).

Plaintiffs again argue that absent an injunction, they risk eviction from their home and suggest that they would "end up homeless on Oʻahu beaches and parks." ECF No. 11 at PageID #92. The TRO Order found this assertion of irreparable harm to be purely speculative:

> The record shows that Plaintiffs have opposed the DHHL's actions to cancel Kailianu's homestead lease beginning in 2007. And based on the state court's order setting aside default and scheduling further proceedings in the underlying ejectment action, it appears that there is no operable judgment and/or writ for possession of Kailianu's homestead lot in favor of DHHL. In short, Plaintiffs have failed to provide evidence that *imminent* eviction is likely.

ECF No. 15 at PageID #142. Plaintiffs provide no new facts establishing an imminent threatened injury. Thus, they again fail to establish that they are likely to suffer irreparable harm absent injunctive relief.

## C.     Remaining Factors

The TRO Order found that Plaintiffs failed to allege sufficient facts to show that the balance of equities tips in their favor, *see* ECF No. 15 at PageID #142 ("Plaintiffs do not allege sufficient facts to show why DHHL is not legally entitled to terminate Kailianu's homestead lease and eject Plaintiffs from the property."), or that an injunction is in the public interest, *see id*. at PageID #143

("Plaintiffs allege in conclusory fashion that Defendants' actions constitute a violation of their constitutional rights and that government corruption and bribery are rampant in Hawaii, and within the DHHL.  But Plaintiffs do not tie such allegations, let alone any specific facts to support such allegations, to the particular circumstances of this action.").  Plaintiff do not provide any additional facts to support either of these two remaining factors.

In sum, Plaintiffs fail to establish all four *Winter* elements and therefore, fail to meet their burden to obtain a preliminary injunction.

## V.  <u>CONCLUSION</u>

Based on the foregoing, the Motion for Preliminary Injunction is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 27, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Conner, et al. v. Aila, et al.*, Civ. No. 19-00233 JMS-KJM, Order Denying Verified Motion for Preliminary Injunction, ECF No. 11