IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DE MONT R.D. CONNER; RACHEL L. KAILIANU, <br><br>　　　　　　　Plaintiffs, <br><br>　vs. <br><br>WILLIAM AILA, Deputy Director, Department of Hawaiian Home Lands; et al., <br><br>　　　　　　　Defendants. | Civ. No. 19-00233 JMS-KJM <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, ECF NO. 32 |

# ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, ECF NO. 32

## I.  INTRODUCTION

On May 6, 2019, pro se Plaintiffs De Mont R.D. Conner ("Conner") and Rachel L. Kailianu ("Kailianu") (collectively, "Plaintiffs") filed their Complaint for Declaratory and Injunctive Relief against Defendants William Aila, Deputy Director of the Department of Hawaiian Home Lands ("DHHL"); other DHHL officials in their official capacities; various Commissioners of the Hawaiian

1


Homes Commission, also in their official capacities; and the State of Hawaii (collectively, "the State Defendants").[1]  ECF No. 1.

The Complaint arises from a September 2018, State of Hawaii District Court of the First Circuit (the "State Court") ejectment action brought by the DHHL against Kailianu seeking to "evict the Plaintiffs from their Residential Lot Lease" on Hawaiian Home Lands.  *Id.* at PageID #7.  The Complaint seeks to stop the State Court ejectment action, but this court previously denied Plaintiffs' separate motions for temporary restraining order ("TRO") and for preliminary injunction, both of which attempted to enjoin those ejectment proceedings.  *See* ECF No. 15 (June 10, 2019 Order Denying Plaintiff's Verified Motion for TRO); ECF No. 29 at PageID #223 (August 27, 2019 Order Denying Plaintiffs' Verified Motion for Preliminary Injunction, which had sought "an order 'enjoining the State

---

[1] The "State Defendants" are the following Defendants sued in their official capacities: William Aila, DHHL Deputy Director; Jobie Masagatani, DHHL Director; Kip Akana, DHHL Acting Enforcement Division Supervisor; and Hawaiian Homes Commissioners Michael P. Kahikina; Wren Wescoat III; Randy Awo; Pauline Namuʻo, Zachary Helm, Wallace A. Ishibashi, and David B. Kaʻapu.  *See* ECF No. 1 at PageID #4-6; *see also id.* at PageID #2 (Complaint alleging that "All Defendants are sued in their OFFICIAL CAPACITIES as they have acted UNDER COLOR OF LAW").

The Complaint also names the United States as a Defendant, but the United States has never entered an appearance in the action, and nothing in the record indicates it has ever been served.  Accordingly, Plaintiffs were notified on May 8, 2020, *see* ECF No. 38 at PageID #279, that the United States would be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").  And so, in addition to dismissing the action against the State Defendants, this Order also DISMISSES the United States as a Defendant.

Defendants . . . from Ejecting or Evicting the Plaintiffs . . . from their Home on Hawaiian Homes Lease Land[.]") (quoting ECF No. 11 at PageID #86-87) (square brackets omitted).

The State Defendants now move to dismiss the Complaint, primarily arguing that this action is barred by claim preclusion because the issues were already decided (or could have been decided) (1) in prior final state administrative proceedings, namely decisions from 2008 and 2011 in a contested case before the Hawaiian Homes Commission conducted under Hawaii Revised Statutes ("HRS") Chapter 91; and (2) in the now final State Court ejectment proceedings which awarded Judgment and a Writ of Possession in favor of the DHHL and against Kailianu.  See ECF No. 32-1 at PageID #244-54.[2]  Based on the following, the court GRANTS Defendants' Motion to Dismiss with prejudice.[3]

## II.  BACKGROUND

**A.    Factual Background**

*1.    The Complaint*

Plaintiffs allege that they are native Hawaiians and beneficiaries of the Hawaiian Homes Commission Act ("the Act").  ECF No. 1 at PageID #3.

---

[2] The State Defendants also argue that the action is time-barred, but given that the action is barred by doctrines of claim preclusion, the court need not reach whether it is also time-barred.

[3] The court decides the motion under Local Rule 7.1(c) without a hearing.

3

According to the Complaint, Kailianu holds a homestead lease for land under the Act, and Conner is a successor to Kailianu's homestead lease. *Id.* In September 2018, the DHHL filed a "Complaint for Ejectment . . . in the District Court of the First Circuit Court, Waianae Division, State of Hawaii . . . seeking [to] evict the Plaintiffs from their Residential Lot Lease No. 4692(sic) Lot No. 337, Nanakuli Oahu[.]" *Id.* at PageID #7 ("sic" in original).

While that State Court ejectment action was still pending, Plaintiffs filed this federal action on May 6, 2019 "challeng[ing] the homestead lease program," claiming that Defendants breached the public trust created by the Act and violated Plaintiffs' rights protected by the due process clause of the Fifth and Fourteenth Amendments, and the takings clause of the Fifth Amendment to the United States Constitution. ECF No. 1 at PageID #2. Plaintiffs further allege that by the ejectment action, the DHHL "decided to 'Take'" Plaintiffs' home. *Id.* at PageID #9. The Complaint refers to prior administrative proceedings in 2008 regarding Kailianu's DHHL Lease, as follows:

> On December 14, 2007, Plaintiff Kailianu was informed by Micah Kane who was the Director of DHHL and the Chair of HHC that a "Contested Case" hearing was going to be held against Plaintiff Kailianu to cancel her Hawaiian Home Lands Lease.
>
> On January 30, 2008, the "Contested Case" hearing was held against Plaintiff Kailianu. The hearings officer was William P. Ornellas, and the opposition to Plaintiff

4

>Kailianu was Francis Apoliona, Kip Akana and Vernon Nishimura who appeared for DHHL.

*Id.* at PageID #9.  The Complaint alleges a violation of due process because Kailianu was "under heavy medication for her depression," "was never provided with counsel to advise her of her options," "never received rules, regulations, policies or procedures" as to the process, and "was never asked if she was in her right state of mind," at the time of the contested case.  *Id.*

Similarly, as for the State Court ejectment proceedings that began in September 2018, the Complaint alleges that Plaintiffs were not afforded notice of the DHHL process if they failed to meet lease obligations, were not given counsel to advise them of their remedies, and were not given a fair hearing or adequate notice of their right to appeal the 2008 administrative decision.  *Id.* at PageID #11.

The Complaint seeks a declaration that Plaintiffs were deprived of due process, and asks the court to enjoin the State Defendants "from Judicially moving to Eject the Plaintiffs," and "from seeking any further actions for ejectment."  *Id.* at PageID #8.

Other relevant details regarding the prior DHHL administrative proceedings and the subsequent State Court ejectment action are readily apparent

5

from the actual decisions of the Hawaiian Homes Commission and the State Court (of which the court takes judicial notice[4]).

    2. *Administrative Proceedings before the DHHL*

On February 4, 2008, a DHHL hearings officer—after conducting an evidentiary hearing pursuant to HRS Chapter 91; the Hawaiian Homes Commission Act §§ 210, 214-16; and Title 10, Chapter 5, Subpart 3, Hawaii Administrative Rules (regarding contested cases)—concluded that Kailianu "was afforded a hearing [and] the [DHHL] has proven that [Kailianu] defaulted on [a $49,442.06 loan] and thereby violated the terms and conditions of Lease No. 4962 and the DHHL may cancel the lease." ECF No. 32-3 at PageID #265. Kailianu appeared and testified at the January 20, 2008 hearing. *Id.* at PageID #263-64. The Hawaiian Homes Commission adopted the hearings officer's conclusions by an April 24, 2008 decision, and made an additional finding that the failure to comply with payment and other terms "shall constitute grounds for cancellation" of

---

[4] *See, e.g.*, *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("[Courts] may take judicial notice of *undisputed* matters of public record . . . , including documents on file in federal or state courts.") (citations omitted and emphasis added); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."); *id.* at 909 ("Courts may take judicial notice of some public records, including the records and reports of administrative bodies.") (citation and quotation marks omitted). *See also Kohja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (allowing a court to take judicial notice of documents that "necessarily form the basis of the complaint," and to consider them at a motion-to-dismiss stage).

6

the lease.  ECF No. 32-3 at PageID #268-69.  And on December 16, 2011, the Hawaiian Homes Commission issued a decision finding a "sufficient basis to support cancellation of Lease No. 4962" because Kailiahu was "in default."  ECF No. 32-3 at PageID #261.  Specifically, the Hawaiian Homes Commission found that Kailianu's "interest in the premises demised under Lease No. 4962, and all improvements thereon, is forfeited," and it "immediately cancelled" the lease.  *Id.* at PageID #262.

The December 16, 2011 decision also notified Kailianu that she "has 30 days after service of a certified copy of [the decision] within which to institute proceedings for judicial review in the circuit court of the State of Hawaii, pursuant to section 91-14, HRS."  *Id.*  No appeal was taken.  ECF No. 32-1 at PageID #247.  And because the decision was not appealed, it became final.  *See, e.g.*, *Misischia v. Pirie*, 60 F.3d 626, 628 (9th Cir. 1995) ("Because [plaintiff] chose not to exercise this right of appeal [under HRS § 91-14], the Board's order became final and operated with preclusive effect.").

   3.   *The State Court Ejectment Proceedings*

The DHHL filed the State Court ejectment action on September 13, 2018.  ECF No. 1 at PageID #10; *see also* ECF No. 13-2 at PageID #117.  Plaintiffs removed the State Court ejectment action to federal court (in a different federal action), but Judge Helen Gillmor remanded it back to the State Court on

March 29, 2019.  *See* ECF No. 15 at PageID #135 (explaining history); *see also Dep't of Hawaiian Home Lands v. Kailianu*, Civ. No. 18-00366 HG-RT (D. Haw. Mar. 29, 2019) (ECF No. 17, Order Granting Motion to Remand).

Those proceedings continued in State Court after this court denied Plaintiffs' two attempts to enjoin them.  *See* ECF Nos. 15 & 29.  Thereafter, on November 7, 2019, the State Court issued an "Order Granting [the DHHL's] Motion for Summary Judgment."  ECF No. 32-4.  In that Order—which stated that Kailianu appeared pro se at an October 15, 2019 hearing, ECF No. 32-4 at PageID #272—the State Court made the following findings (reflecting and confirming the prior administrative proceedings before the Hawaiian Homes Commission in 2008 and 2011):

> 2.  On November 15, 2011, following contested case proceedings pursuant to Chapter 91, Hawaii Revised Statutes ("HRS"), the Hawaiian Homes Commission administratively cancelled Defendant's interest in the Lease and ordered Defendant [to] vacate the Premises.
>
> 3.  [Kailianu] failed to appeal the cancellation of the Lease to Circuit Court pursuant to HRS section 91-14.
>
> 4.  [Kailianu] has no lease or any other legal interest to the Premises.
>
> 5.  Defendant continues to occupy the Premises despite DHHL's requests to vacate.
>
> 6.  There are no genuine issues of material fact to be determined at trial, and DHHL is therefore entitled to judgment as a matter of law.

8

          7. Pursuant to HRS section 666-11, DHHL is entitled to a writ of possession in this case.

*Id.* The State Court then issued judgment and a writ of possession, also on November 7, 2019, against Kailianu in favor of the DHHL. ECF No. 32-5.

No appeal was taken of the judgment in the State Court ejectment action,[5] and it is now final. *See, e.g.*, *E. Savings Bank, FSB v. Esteban*, 129 Haw. 154, 160, 296 P.3d 1062, 1068 (2013) ("[U]nder Hawaii law, there was a final judgment on the merits when the time to appeal the Foreclosure Judgment expired.") (citation omitted).

**B.     Procedural Background in this Court**

As explained above, Plaintiffs filed this action on May 6, 2020. ECF No. 1. After this court denied Plaintiffs' motions for TRO and preliminary injunction in June and August of 2019, ECF Nos. 15 & 29, the State Defendants filed their Motion to Dismiss on January 29, 2020. ECF No. 32.

The court scheduled an April 27, 2020 hearing date on the Motion to Dismiss, and directed Plaintiffs to file an Opposition by April 6, 2020. ECF No. 33. Plaintiffs, however, did not file an Opposition. Consequently, on April 15,

---

[5] *See* ECF No. 32-1 at PageID #248. Under Hawaii law, the time to appeal that judgment expired on December 9, 2019. *Id.* The lack of an appeal is confirmed by a review of the public docket for the State Court ejectment action, available at the Hawaii Judiciary's Information Management System (eCourt Kokua). *See* https://jimspss1.courts.state.hi.us/JIMSExternal/ Subscriptions/CaseSearch.iface (*State v. Kailianu*, Case ID No. 1RC181005546) (last visited July 20, 2020).

2020, the court ordered Plaintiffs to indicate by April 29, 2020 whether they intended to oppose the Motion to Dismiss, and notified Plaintiffs that failure to respond by April 29, 2020 could result in automatic dismissal of the action.  ECF No. 37.

Plaintiffs again did not respond to the court's April 29, 2020 order.  Rather than dismissing the action, however, on May 8, 2020, the court issued a Final Order to Show Cause, ordering Plaintiffs to respond by May 26, 2020 and to indicate whether they intended to oppose the Motion to Dismiss.  ECF No. 38 at PageID #281.  And on May 26, 2020, Kailianu filed a written response to the May 8, 2020 Order to Show Cause.  ECF No. 41.  The court construed her written response as her Opposition to the Motion to Dismiss.  *See* ECF No. 42.  The Opposition states in substance as follows:

> I believe that we have shown just cause to continue our case against the State of Hawaii; Department of Hawaiian Homelands.  I have been served with a letter of EVICTION, and the department is just waiting for the governor or the courts to give the green light for my removal.
>
> I truly believe that my cancellation of my lease should not have any bearings with my mortgage, land taxes, etc.  I have asked to sit and make arrangements to settle my debt with DHHL, but, was told by the deputy-A.G., the department refused any measure to work with me.

ECF No. 41 at PageID #283.  On June 19, 2020, the State Defendants filed their Reply.  ECF No. 43.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"  A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'"  *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

Although a plaintiff need not identify the legal theories that are the basis of a pleading, *see Johnson v. City of Shelby, Mississippi*, 574 U.S. 10, 11 (2014) (per curiam), a plaintiff must nonetheless allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions."  *Id.*  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

11

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

## IV. **DISCUSSION**

The State Defendants contend that the action is barred by res judicata (also sometimes known as "claim preclusion").[6] That is, they claim that the judgment entered in the State Court ejectment action—which is now final—precludes this subsequent federal action. The court agrees.

Federal courts look to the forum state's law to determine the preclusive effect of a state court judgment. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that

---

[6] Hawaii law prefers the term "claim preclusion" instead of "res judicata." *See Bremer v. Weeks*, 104 Haw. 43, 53, 85 P.3d 150, 160 (2004).

judgment under the law of the State in which the judgment was rendered."). To establish claim preclusion under Hawaii law, the State Defendants have "the burden of establishing that (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question." *Bremer*, 104 Haw. at 54, 85 P.3d at 161. Further, under Hawaii law,

> [t]he judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and precludes the relitigation, not only of the issues which were actually litigated in the first action, *but also of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided*.

*Foytik v. Chandler*, 88 Haw. 307, 314, 966 P.2d 619, 626 (1998) (quoting *Morneau v. Stark Enters., Ltd.*, 56 Haw. 420, 422-23, 539 P.2d 472, 474-75 (1975)) (emphasis added). "In Hawaii[,] the doctrine is applied in a robust way." *Albano v. Nw. Fin. Haw., Inc.*, 244 F.3d 1061, 1063 (9th Cir. 2001).

Here, all three elements of Hawaii's claim-preclusion test are easily met. First, the judgment in the State Court ejectment action is final because it has not been appealed. *See Esteban*, 129 Haw. at 160, 296 P.3d at 1068 ("[U]nder Hawaii law, there was a final judgment on the merits when the time to appeal the Foreclosure Judgment expired.") (citation omitted). And the State Court specifically found, among other relevant findings, that Kailianu "failed to appeal

13

the [DHHL's] cancellation of the Lease to Circuit Court pursuant to HRS section 91-14," that she "has no lease or any other legal interest" in the subject property, and that the "DHHL is entitled to a writ of possession." ECF No. 32-4 at PageID #272.

The second element—requiring the parties to be "the same or in privity with the parties in the original suit," *Bremer*, 104 Haw. at 54, 85 P.3d at 161—is also satisfied. Kailianu and the DHHL are the same parties in this action as in the State Court ejectment action. Although Conner was apparently not a party to the State Court ejectment action, he is clearly in privity with Kailianu because he is (assuming the Complaint's allegations are true) "a successor to the homestead lease held by [Kailianu], as defined by Hawaiian Homestead (sic) Act of 1920." ECF No. 1 at PageID #3.[7]

Third, the "claims" are the same. "To determine whether a litigant is asserting the same claim in a second action, the court must look to whether the 'claim' asserted in the second action arises out of the same transaction, or series of connected transactions, as the 'claim' asserted in the first action." *Kauhane v. Acutron Co.*, 71 Haw. 458, 464, 795 P.2d 276, 279 (1990). That is, claims arising out of the same transaction "constitute the same 'claims' for [claim preclusion]

---

[7] According to the Opposition, Kailianu is also known as Rachel L.K. Conner, and Conner is her husband (although the Opposition also indicates they "have been estranged [since] August 14, 2019"). ECF No. 41 at PageID #283.

purposes." *Id.*, 795 P.2d at 279. Moreover, claim preclusion applies to "all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided." *Foytik*, 88 Haw. at 314, 966 P.2d 6 at 626. *See also Albano*, 244 F.3d at 1064 (reiterating that "the doctrine applies if the issues 'could have been raised in the earlier state court actions.'") (citations omitted) (applying Hawaii law).

As discussed above, the State Court ejectment action specifically addressed whether Plaintiffs have any interest in the subject property (they no longer do), whether Kailianu appealed the DHHL's cancellation of her Hawaiian Homes lease (she did not), and whether the DHHL is entitled to a writ of possession and a right to eject or evict Plaintiffs from the property (the DHHL is so entitled). ECF No. 32-4 at PageID #272. Moreover, Plaintiffs could have raised arguments regarding the constitutionality of the DHHL proceedings in that administrative proceeding or in the State Court ejectment action, and also could have raised constitutional challenges on appeal (either of the administrative proceedings or of the State Court ejectment action itself, or both). *See, e.g.*, *Albano*, 244 F.3d at 1064 ("There can be no doubt whatsoever that the plaintiff's . . . claim could have been litigated in the foreclosure action. It was a defense that would have ineluctably precluded foreclosure if the plaintiff's claims are meritorious.") (brackets omitted); *Bumatay v. Fin. Factors, Ltd.*, 2010 WL

15

3724231, at *6 (D. Haw. Sept. 16, 2010) (applying claim preclusion to plaintiffs' new federal claims that challenged validity of state court foreclosure proceedings) (citing *Albano*, 244 F.3d at 1064); *Radford v. U.S. Bank N.A.*, 2011 WL 4054863, at *10 (D. Haw. Sept. 9, 2011) (barring, under res judicata, a variety of claims that addressed the validity of a loan and whether the lender was entitled to foreclose on the mortgage and sell the property, because they could have been brought in the foreclosure action); *Chadwick v. SBMC Mortg.*, 2017 WL 3445645, at *5 (D. Haw. Aug. 10, 2017) ("Plaintiff could have brought this claim in the State Foreclosure Action as a counterclaim for damages[.]") (citation and quotation marks omitted).

        Because the State Defendants have met their burden as to all three elements of the claim-preclusion test, Plaintiffs' claims are barred in federal court. Kailianu's Opposition does not address the test at all, and does not dispute the specific administrative findings of the Hawaiian Homes Commission and the State Court. The issues were already decided, or could have been decided, in the State Court ejectment proceedings. This court is required to give the State Court findings preclusive effect and cannot reconsider them in this action. *See, e.g.*, *Migra*, 465 U.S. at 81.[8] And given the facts decided by the State Court, there can be no basis for this court to enjoin the ejectment proceedings.

---

[8] Moreover, as also argued by the State Defendants, this court would be required to give preclusive effect to the prior unreviewed administrative findings of the Hawaiian Homes

(continued . . .)

## V. <u>CONCLUSION</u>

For the reasons set forth above, the court GRANTS the State Defendants' Motion to Dismiss, ECF No. 32, and also DISMISSES the United States as a Defendant.  Ordinarily, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal," *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995), but that opportunity does not apply if "it is absolutely clear that no amendment can cure the defect," *id*.  Given that the findings of the State Court were so specific, it is apparent that any amendment would be futile.  That is, given the findings of the State Court in the

---

(. . . continued)
Commission themselves, i.e., (1) the April 24, 2008 decision finding that Kailianu defaulted on a loan, violated the terms of the lease, and that the DHHL was entitled to cancel the lease; and (2) the December 16, 2011 decision finally cancelling the lease.  *See* ECF No. 32-3 at PageID #262 & 265.  This would be so regardless of the State Court's subsequent November 2019 findings confirming the DHHL's administrative findings.

     Federal courts give preclusive effect both to legal as well as factual determinations of state administrative bodies as a matter of federal common law.  *See, e.g.*, *Miller v. Cty. of Santa Cruz*, 39 F.3d 1030, 1032 (9th Cir. 1994) (citing *Univ. of Tenn. v. Elliot*, 478 U.S. 788, 797-99 (1986)).  And preclusion applies to unreviewed administrative decisions "so long as the state proceeding satisfies the requirements outlined in *United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 422 (1966)."  *Id.* at 1032-33 (quoting *Guild Wineries & Distilleries v. Whitehall Co.*, 853 F.2d 755, 758 (9th Cir. 1988) (brackets and other citation omitted)). Plaintiffs "cannot obstruct the preclusive use of [a] state administrative decision simply by foregoing [their] right to appeal [to state court]."  *Wehrli v. Cty. of Orange*, 175 F.3d 692, 694 (9th Cir. 1999) (quoting *Plaine v. McCabe*, 797 F.2d 713, 719 n.12 (9th Cir. 1986)).

     "The fairness requirements of *Utah Construction* are: (1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate."  *Miller*, 39 F.3d at 1033 (citing *Utah Constr.*, 384 U.S. at 422).  And all three of those factors are met for the same reasons that claim preclusion applies under Hawaii law as analyzed above.  The DHHL acted in a judicial capacity under HRS Chapter 91, resolved factual issues, and Plaintiffs had several opportunities during the State administrative and judicial proceedings to litigate the issues leading to the ejectment.

ejectment action, Plaintiffs could not obtain relief challenging those findings in this court.  There being no basis for this court to enjoin the ejectment proceedings, the dismissal is with prejudice.  The Clerk of Court is instructed to close the case.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaii, July 22, 2020.



    /s/ J. Michael Seabright
    J. Michael Seabright
    Chief United States District Judge

*Conner et al. v. Aila et al.*, Civ. No. 19-00233 JMS-KJM, Order Granting Defendants' Motion to Dismiss, ECF No. 32